CLARK, Chief Judge,
dissenting:
As a partial waiver of sovereign immunity 28 U.S.C. § 2412(d)(1)(B) should be strictly construed. I agree with the district court that the Esmonds did not “within thirty days of the final judgment in the action” submit an application for fees which showed they were prevailing parties. Thus, they did not comply with the mandate of the statute.
I do not agree with the majority that the failure of SBA to challenge the timing of the application at the June 15, 1983 hearing either waived the right of the SBA or es-topped the agency to later assert that a proper application under § 2412(d)(1)(B) was not made following the final judgment of the bankruptcy court on October 17, 1983.
Because I would affirm the judgment of the district court, I respectfully dissent from Part B of the majority opinion.